**UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA**

| | |
|---|---|
| Albert Dean Kenton,<br>Petitioner<br>-vs-<br>Laura Escapule, et al.,<br>Respondents. | CV-13-2601-PHX-NVW (JFM)<br><br>**Report & Recommendation on Petition<br>for Writ of Habeas Corpus** |

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at San Luis, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on December 19, 2013 (Doc. 1). On March 12, 2014 Respondents filed their Response ("Limited Answer") (Doc. 13). Petitioner filed a "Motion to Strike, or alternatively Limited Reply" on April 14, 2014 (Doc. 15).

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A. FACTUAL BACKGROUND

In disposing of Petitioner's direct appeal, the Arizona Court of Appeals summarized the factual background as follows:

> On August 25, 2005, Phoenix police responded to a homicide near 86th Avenue and Indian School Road. At the scene, officers discovered two victims inside a car that had crashed into a house.

1

> One witness stated that she heard a "bang sound[ing] like a tire had exploded" prior to seeing the car crash and saw a young man between 25 and 35 years old with medium height and "darker skin" exiting the rear driver's side of the vehicle shortly thereafter. Autopsy reports confirmed that the victims, a male driver and female front passenger, died from a gunshot wound to the head.
> On June 16, 2006, Phoenix police arrested Kenton in connection with the incident.

(Exhibit L, Mem. Dec. at 2.) (Exhibits to the Answer, Doc. 13, are referenced herein as "Exhibit ___.")

## B. PROCEEDINGS AT TRIAL

Petitioner was charged with two counts of second-degree murder, along with allegations of a prior conviction and various aggravating circumstances. (*Id.* at 3.)

Evidence at trial included testimony of various acquaintances "who indicated that Kenton had told them he shot the victims because he was fearful for his life." (*Id.* at 3) Testimony was presented that Petitioner was seen with the male victim the morning of the shooting, with a revolver, and that after the shooting he asked for help in retrieving a gun hidden in the vicinity of the shooting. (*Id.* at 3-4) Testimony was also presented from a forensic examiner that four latent fingerprints in the crashed vehicle belonged to Petitioner, and that the use of a revolver was consistent with the absence of expended cartridges in the vehicle. (*Id.* at 4.)

Petitioner was convicted as charged, and the jury found the four alleged aggravating circumstances. Petitioner was sentenced to presumptive, consecutive, 20 year prison terms on each count. (*Id.* at 4.)

## C. PROCEEDINGS ON DIRECT APPEAL

Petitioner filed a direct appeal, and counsel filed an Opening Brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) and related state authorities, and requested leave for Petitioner to be permitted to file a *pro per* brief. (Exhibit H, Opening Brief; Exhibit I, Motion.) Counsel then transmitted the record and transcripts to Petitioner. (Exhibit J, Letter of Transmittal.)

Petitioner failed to file a supplemental brief, and in a Memorandum Decision issued October 16, 2008 (Exhibit L), the Arizona Court of Appeals reviewed the record for reversible error, found none, and affirmed Petitioner's convictions and sentences.

### D. PROCEEDINGS ON POST-CONVICTION RELIEF

On November 7, 2008, Petitioner filed a Notice of Post-Conviction Relief (Exhibit M), dated October 30, 2008.  Counsel was appointed (Exhibit N, M.E. 11/17/08), who eventually filed a Notice of Completion of Post-Conviction Review (Exhibit Q) evidencing an inability to find an issue for review, and requesting leave for Petitioner to file a *pro per* petition.  Leave was granted, giving Petitioner 45 days to file his petition. (Exhibit R, M.E. 12/7/09.)  Petitioner filed a Motion to Extend (Exhibit S), seeking an extension of time to file his petition.  The court granted Petitioner an extension through February 22, 2010. (Exhibit T, M.E. 1/28/10.)

Petitioner failed to file a *pro per* petition, and on May 5, 2010, the PCR court dismissed the proceeding.  (Exhibit U, M.E. 5/5/10.)

Petitioner did not seek further review in that proceeding.  (Petition, Doc. 1 at 5;

### E. STATE HABEAS PROCEEDING

On June 4, 2013, Petitioner filed with the Arizona Supreme Court a Petition for Writ of Habeas Corpus (Exhibit V).  The Petition was signed May 30, 2013.  (*Id.* at 29.)

On August 28, 2013, the Arizona Supreme Court summarily dismissed the petition as improperly filed in that court in the first instance, rather than in the trial court. (Exhibit W, Order 8/27/13.)

### F. PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on December 19, 2013 (Doc. 1).  Petitioner's Petition asserts the following four grounds for relief:

3

> In Ground One, Petitioner alleges that he received ineffective assistance of counsel at trial, on appeal, and during his post-conviction proceedings. In Ground Two, Petitioner alleges that he was denied an impartial jury, in violation of his Sixth Amendment rights. In Ground Three, Petitioner asserts that his due process and equal protection rights were violated because of the "absence of any proof beyond a reasonable doubt to sustain the conviction for a double homicide" and because the trial court provided an improper definition of reasonable doubt and omitted elements of the crime charged in its jury instructions. In Ground Four, Petitioner asserts that his due process and equal protection rights were violated "by the use of knowingly false evidence and the failure to disclose exculpatory evidence by the state."

(Order 2/5/14, Doc. 4 at 1-2.)

As an explanation why the statute of limitations would not bar his Petition, Petitioner argues that he received ineffective assistance of appellate counsel, and that the Arizona Court of Appeals failed to discover the issues raised in the petition, resulting in no direct review to commence the running of the habeas limitations clock. (Petition, Doc. 1 at 11.)

The Court directed a response to the Petition, and specifically provided: "Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer." (Order 2/5/14, Doc. 4 at 3.)

**Response** - On March 12, 2014, Respondents filed their Response ("Limited Answer") (Doc. 13). Respondents argue that the petition is barred by the habeas statute of limitations, and Petitioner's state remedies on his claims are procedurally defaulted without a showing of cause to excuse the procedural default.

**Reply** - On April 14, 2014, Petitioner filed a Motion to Strike, or alternatively Limited Reply (Doc. 15). Petitioner argued that Respondents had improperly limited their answer to their procedural defenses, and had presented the submitted portions of the record to Petitioner as unbound exhibits which Petitioner found "virtually without utility for chaotic propensity." (*Id.* at 2.) Petitioner further reasserts his argument that the

limitations period had not commenced because of the ineffectiveness of appellate counsel, and that Petitioner properly sought a remedy through his habeas petition to the Arizona Supreme Court. (*Id.* at 3.)   Petitioner argues that he evidence presented at trial was insufficient to establish his guilt.  (*Id.* at 3-4.)  He argues that an evidentiary hearing should be granted on the sufficiency of the evidence of his guilt.  (*Id.* at 4.)

The Court denied the Motion to Strike. (Order 5/13/14, Doc. 18.)

### III. APPLICATION OF LAW TO FACTS

#### A. TIMELINESS

#### 1. One Year Limitations Period

Respondents assert that Petitioner's Petition is untimely.  As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-year statute of limitations for all applications for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts.  28 U.S.C. § 2244(d).  Petitions filed beyond the one year limitations period are barred and must be dismissed. *Id.*

#### 2. Commencement of Limitations Period

**Conviction Final** - The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1]

Here, Petitioner's direct appeal remained pending at least through October 16, 2008, when the Arizona Court of Appeals denied his appeal. (Exhibit L.)

Thereafter, Petitioner had 30 days, or through Monday, November 17, 2008 to file

---

[1] Later commencement times can result from a state created impediment, newly recognized constitutional rights, and newly discovered factual predicates for claims. *See* 28 U.S.C. § 2244(d)(1)(B)-(D).  Except as discussed hereinafter, Petitioner proffers no argument that any of these apply.

a petition for review by the Arizona Supreme Court. Ariz. R. Crim. P. 31.19(a). Petitioner did not do so. (Exhibit P, Mandate.) Accordingly, his conviction became final on November 17, 2008.

Petitioner argues that this cannot be so because the handling of his direct appeal was defective (*i.e.* counsel was ineffective, the appellate court failed to adequately review the record, etc.). However, there is no exception made in § 2244(d)(1)(A) for defective or inadequate appeals, but simply the conclusion of or expiration of the time for such proceedings. Moreover, under Petitioner's reading, no conviction would be final and the limitations period would never commence running until a habeas court had concluded that the appeals procedure had been free of defect. There is nothing to support such a far reaching disruption of the habeas statute of limitation which was specifically intended to "eliminate delays in the federal habeas review process." *Holland v. Florida*, 560 U.S. 631, 648 (2010).

The extent to which any such defects in the appellate procedure might entitle Petitioner to equitable tolling of the limitations period is discussed hereinafter.

**Newly Discovered Factual Predicate** - Although the conclusion of direct review normally marks the beginning of the statutory one year, section 2244(d)(1)(D) does provide an alternative of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Thus, where despite the exercise of due diligence a petitioner was unable to discover the factual predicate of his claim, the statute does not commence running on that claim until the earlier of such discovery or the elimination of the disability which prevented discovery. Thus, the commencement is not delayed until actual discovery, but only until the date on which it "could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

Here, Petitioner does assert in his Ground Four that the prosecution failed to disclose evidence and presented false evidence. (Petition, Doc. 1 at 9.) The Petition does not elucidate further. He does, however append his state habeas petition, in which

he raised similar claims, and asserting that the prosecution had "failed to disclose to the defendant the statement made by Amos Gutierrez to detectives denying to have been in Niggy house with state witness Gabriel Corral at any time." (Exhibit V, State Habeas Petition at 17.)  Petitioner contends that this was contradictory to the testimony presented by the prosecution at trial.

However, Exhibit N to that petition reflects that Petitioner's counsel received an investigative report in September, 2009, including a signed statement from Gutierrez containing equivalent allegations that he "never went to a woman's place by the name of Niggie, and had "only met Gabriel Corral once in my lifetime."  (*Id.* at Exhibit N.)

Thus, Petitioner was aware of the factual predicate of his claim of failure to disclose at least by September, 2009.[2]  Therefore, at best, his one year would not have commenced until that date, and as discussed hereinafter, the limitations period would have in any event been statutorily tolled from its inception until May 7, 2010, after Petitioner's discovery of Gutierrez's statement.  Thus, Petitioner's discovery of his *Brady* claim in September, 2009 would not save his Petition (or even his *Brady* claim) from the statute of limitations.

Moreover, Petitioner proffers nothing to suggest that Amos's proffered testimony could not have been discovered earlier through the exercise of due diligence.

Accordingly, the undersigned concludes that the "discovery" of Gutierrez's statement did not alter the commencement or the running of the limitations period.

**Conclusion re Commencement** - Therefore, Petitioner's one year began running on November 18, 2008, and without any tolling expired on November 17, 2009, making his December 19, 2013 Petition over four years delinquent.  Petitioner's habeas Petition is dated December 12, 2013. (Petition, Doc. 1 at 11.)   Because it does not make a difference in the outcome, the undersigned presumes that the Petition should be deemed

---

[2] Respondents argue that Petitioner fails to proffer any evidence that the prosecution was aware of such a statement by Gutierrez at the time of trial.  (Answer, Doc. 13 at 27.)  While pertinent to the merits of Petitioner's claims, it is Petitioner's awareness that is pertinent to § 2244(d)(1)(D).

Case 2:13-cv-02601-NVW   Document 20   Filed 08/07/14   Page 7 of 13

he raised similar claims, and asserting that the prosecution had "failed to disclose to the defendant the statement made by Amos Gutierrez to detectives denying to have been in Niggy house with state witness Gabriel Corral at any time." (Exhibit V, State Habeas Petition at 17.)  Petitioner contends that this was contradictory to the testimony presented by the prosecution at trial.

However, Exhibit N to that petition reflects that Petitioner's counsel received an investigative report in September, 2009, including a signed statement from Gutierrez containing equivalent allegations that he "never went to a woman's place by the name of Niggie, and had "only met Gabriel Corral once in my lifetime."  (*Id.* at Exhibit N.)

Thus, Petitioner was aware of the factual predicate of his claim of failure to disclose at least by September, 2009.[2]  Therefore, at best, his one year would not have commenced until that date, and as discussed hereinafter, the limitations period would have in any event been statutorily tolled from its inception until May 7, 2010, after Petitioner's discovery of Gutierrez's statement.  Thus, Petitioner's discovery of his *Brady* claim in September, 2009 would not save his Petition (or even his *Brady* claim) from the statute of limitations.

Moreover, Petitioner proffers nothing to suggest that Amos's proffered testimony could not have been discovered earlier through the exercise of due diligence.

Accordingly, the undersigned concludes that the "discovery" of Gutierrez's statement did not alter the commencement or the running of the limitations period.

**Conclusion re Commencement** - Therefore, Petitioner's one year began running on November 18, 2008, and without any tolling expired on November 17, 2009, making his December 19, 2013 Petition over four years delinquent.  Petitioner's habeas Petition is dated December 12, 2013. (Petition, Doc. 1 at 11.)   Because it does not make a difference in the outcome, the undersigned presumes that the Petition should be deemed

---

[2] Respondents argue that Petitioner fails to proffer any evidence that the prosecution was aware of such a statement by Gutierrez at the time of trial.  (Answer, Doc. 13 at 27.)  While pertinent to the merits of Petitioner's claims, it is Petitioner's awareness that is pertinent to § 2244(d)(1)(D).

filed as of this date. Even so, Petitioner's Petition was over four years delinquent.

### 3. Statutory Tolling

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Petitioner's limitations period commenced running on November 18, 2008. Petitioner's First PCR proceeding were commenced on November 7, 2008, before his limitations period began running. It remained pending until May 7, 2010, when the PCR court filed its order dismissing the proceeding. (Exhibit U, M.E. 5/5/10.) Thus, Petitioner's habeas limitations period was tolled from its commencement through May 7, 2010, roughly 17 months. It commenced running again on May 8, 2010, and expired one year later on May 9, 2011.[3]

Petitioner's next PCR proceeding was not commenced until June 4, 2013, when Petitioner filed his state habeas petition.[4] At that time, his one year had been expired for over two years. Once the statute has run, a subsequent post-conviction or collateral relief filing does not reset the running of the one year statute. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Accordingly, Petitioner has no statutory tolling resulting from his state habeas proceeding, and his limitations period expired on May 9, 2011.

### 4. Equitable Tolling

"Equitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is available in our circuit, but only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances

---

[3] May 7, 2011 was a Saturday. Under Rule 6(b), Fed. R. Civ. P., Petitioner had until the following Monday to act.
[4] The undersigned assumes, without deciding, that the state habeas petition was "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2), despite its rejection as having been filed in an improper court.

8

were the cause of his untimeliness.'" *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003).

> To receive equitable tolling, [t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances ma[de] it impossible to file a petition on time.

*Ramirez v. Yates,* 571 F.3d 993, 997 (9th Cir. 2009) (internal citations and quotations omitted). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.' " *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.). Petitioner bears the burden of proof on the existence of cause for equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) ("Our precedent permits equitable tolling of the one-year statute of limitations on habeas petitions, but the petitioner bears the burden of showing that equitable tolling is appropriate.").

Petitioner does not explicitly proffer any grounds for equitable tolling.

Petitioner does complain about the quality of his representation and the actions of the Arizona Court of Appeals in his direct appeal. However, Petitioner presents these only as arguments for a delayed start of the limitations period, not as grounds for equitable tolling. Moreover, Petitioner proffers nothing to suggest why such defects kept him from timely filing his federal petition. To the contrary, it seems likely that a failure of the state appellate process would spur a reasonable defendant to act promptly to seek federal habeas review. Accordingly, any such defects did not create grounds for equitable tolling.

**5. Actual Innocence**

To avoid a miscarriage of justice, the habeas statute of limitations in 28 U.S.C. § 2244(d)(1) does not preclude "a court from entertaining an untimely first federal habeas

9

petition raising a convincing claim of actual innocence." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1935 (2013). To invoke this exception to the statute of limitations, a petitioner "'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). This exception, referred to as the "*Schlup* gateway," applies "only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' " *Id.* at 1936 (quoting *Schlup,* 513 U.S. at 316).

Petitioner makes no such claim of actual innocence in this proceeding. To be sure, Petitioner repeatedly argues that there was insufficient evidence at trial of his guilt. However, a finding of "actual innocence" is not to be based upon a finding that insufficient evidence to support the charge was presented at trial, but rather upon affirmative evidence of innocence. *See U.S. v. Ratigan*, 351 F.3d 957 (9th Cir. 2003) (lack of proof of FDIC insurance in a federal bank robbery case, without evidence that insurance did not exist, not sufficient to establish actual innocence).

### 6. Summary re Statute of Limitations

Taking into account the available statutory tolling, Petitioner's one year habeas limitations period commenced running on May 8, 2010, and expired on May 7, 2011, making his December 18, 2013 Petition over two and one-half years delinquent. Petitioner has shown no basis for additional statutory tolling, and no basis for equitable tolling or actual innocence to avoid the effects of his delay. Consequently, the Petition must be dismissed with prejudice.

### B. OTHER DEFENSES

Respondents also argue that Petitioner's state remedies on his claims were not properly exhausted, and are now procedurally defaulted, barring federal habeas review.

Because the undersigned concludes that the Petition is plainly barred by the habeas statute of limitations. These other defenses are not reached.

## IV.  CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds. Under the

reasoning set forth herein, jurists of reason would not find it debatable whether the Court was correct in its procedural ruling.

Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed December 19, 2013 (Doc. 1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that, to the extent the foregoing findings and recommendations are adopted in the District Court's order, a Certificate of Appealability be **DENIED**.

## VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section 2254 Proceedings.   Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-

47 (9th Cir. 2007).

Dated: August 7, 2014

_____
James F. Metcalf
United States Magistrate Judge

13-2601r RR 14 08 01 on HC.docx